**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

ELIZABETH F. REIMANN,

        Plaintiff,

v.                                                  Case No. 10-CV-456

PRUDENTIAL INSURANCE COMPANY OF AMERICA,

        Defendant.

---

## ORDER

On May 26, 2010, plaintiff Elizabeth F. Reimann ("Reimann") filed a Complaint (Docket #1) against defendant Prudential Insurance Company of America ("Prudential") alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"). On July 1, 2010, Prudential filed a Motion to Dismiss Complaint as Moot (Docket #8) and Reimann subsequently filed a Motion for Attorney Fees (Docket #13) on July 22, 2010. Because the issues are intertwined, the court addresses both motions in this order, finding the case moot and an award of attorney fees unjustified under Supreme Court precedent.

## BACKGROUND

A recounting of events will be helpful.[1] Reimann began receiving long term disability benefits in December 2007. (Compl. ¶ 14). On August 25, 2009, Prudential terminated her benefits. *Id.* at ¶ 16. Reimann filed an appeal with Prudential on February 22, 2010. *Id.* at ¶ 25. On April 7, 2010, Prudential sent

---

[1]Where facts are generally agreed upon by the parties as evidenced by use in their briefs, citation is made to the Complaint.

Reimann a letter explaining that it required an additional forty-five days to make the determination and anticipated making such decision by May 22, 2010. (Def.'s Br. in Supp. of Mot. to Dismiss Ex. B) (Docket #9). In that letter, Prudential wrote that it was in the process of arranging a Functional Capacities Evaluation ("FCE") for Reimann. *Id.* Prudential called ErgoScience on April 8, 2010, to schedule the FCE and was informed on April 19, 2010, that the FCE had been scheduled for May 18, 2010. (Def.'s Reply to Mot. to Dismiss Ex. N) (Docket #15). On May 14, 2010, Prudential sent Reimann a reminder concerning the FCE appointment, as well as a request for an additional thirty days beyond the otherwise ninety-day decision period. *Id.* at Ex. D, E. Prudential initially claimed it never received a response, *id.* at 2, however, Reimann has submitted exhibits showing, with fax receipt, that she did in fact respond and denied Prudential's request on May 14, 2010. (Aff. of Alan Olson Ex. 3) (Docket #12). Prudential eventually received the FCE report on May 27, 2010, reviewed the report, and reinstated Reimann's benefits by letter dated May 28, 2010. (Def.'s Br. in Supp. of Mot. to Dismiss Ex. F, G). Reimann received the notification of reinstatement by mail, postmarked June 1, 2010. (Aff. of Alan Olson Ex. 5).

**ANALYSIS**

Though the court finds the case moot, it retains jurisdiction over the attorney fees issue. However, under recent precedent, Reimann has not established sufficient success on the merits to allow this court to award her attorney fees. The two issues are discussed below.

**I.    Mootness**

Federal courts cannot rule on a case or controversy rendered moot. *Cornucopia Institute v. U.S. Dep't of Agric.*, 560 F.3d 673, 676 (7th Cir. 2009). A case is moot where an event occurs during the case's pendency that makes a grant of "any effectual relief whatever" impossible. *Id.* A request for attorney fees, however, "survive[s] independently under the court's equitable jurisdiction." *Id.* at 676-77. Here, Reimann's complaint requests relief related to Prudential's termination of benefits under ERISA § 502(a)(1)(B) which provides for actions "to recover benefits due" under the plan, "enforce [her] rights" under the plan, or "clarify [her] rights to future benefits" under the plan. 29 U.S.C. § 1132(a)(1)(B); (Compl. ¶ 46). Because Prudential reinstated Reimann's benefits, there are no benefits due or enforceable rights being withheld by Prudential, nor any apparent need to clarify future rights on the face of the complaint. Thus, the court finds the action moot and must grant dismissal, but retains equitable jurisdiction in order to decide the motion for attorney fees.

**II.    Attorney Fees**

In an ERISA action, the court has discretion to allow "a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The U.S. Supreme Court has held that this provision does not require a claimant be a "prevailing party" in order to recover fees. *Hardt v. Reliance Standard Life Ins. Co.*, 130 S. Ct. 2149, 2156 (2010). However, a claimant must show "some success on the merits." *Id.* at 2158. "Trivial success on the merits" or "purely procedural" victory does not satisfy

the standard. *Id.* In *Hardt*, the Court found the district court was within its discretion to award fees to the claimant after it "persuaded the District Court to find that 'the plan administrator has failed to comply with the ERISA guidelines' and 'that Ms. Hardt did not get the kind of review to which she was entitled under applicable law.'" *Id.* The district court did not specifically find that Hardt was entitled to reinstatement outright, but instead remanded the decision to the insurance company for further consideration in light of its findings. *Id.* at 2158-59. After further consideration, the insurance company reinstated Hardt's benefits. *Id.* at 2159. The Supreme Court held that such a result "achieved far more than 'trivial success on the merits' or a 'purely procedural victory.'" *Id.*

In the case at hand, the court cannot say that any success was trivial. Reimann in fact has had her benefits reinstated. Nor is there any "procedural victory" to speak of in this case. The decisive question is whether her success comes on the merits given Prudential's voluntary reinstatement before any further litigation ensued. The *Hardt* opinion illustrates that a district court need not make a ruling on the merits of a claimant's entitlement to reinstatement of benefits. However, the district court in *Hardt* did find the claimant did not receive the review to which she was entitled under ERISA, thereby justifying a remand. In contrast, this court was never even given the opportunity to make a finding that ERISA's procedure was violated. Though it seems very likely that Prudential violated ERISA procedure by failing to make its decision within the statutorily mandated time period, the court cannot say that Reimann achieved any success based on the actual merits

in this case. No merits were ever reached. Thus, the court is constrained by the Supreme Court's precedent and finds a lack of "some success on the merits."

The same result follows from an analysis of whether Reimann is in fact a "prevailing party." The Seventh Circuit's test for prevailing party status where litigation is incomplete is whether the lawsuit is "a catalyst or material factor in obtaining concessions from the opponent and a favorable outcome to the dispute." *Hooper v. Demco, Inc.*, 37 F.3d 287, 292 (7th Cir. 1994).[2] In other words, the suit "must be causally linked to the achievement of the relief obtained." *Id.* Again, there is no showing that such is the case here. Prudential made its decision upon receiving the FCE results, and none of the facts appear to show that Prudential only made its decision because Reimann filed suit. While Prudential may have engaged in poor time management regarding the fulfillment of its duties under ERISA, the parties' submissions underscore an intent by Prudential to issue a decision upon receiving the FCE results. Reimann's suit may have sped up the turnaround between receiving the results and issuing the decision, but the suit does not appear to have been a catalyst for issuing a reinstatement decision itself. Thus, even if this test were applicable, Reimann would not satisfy it. In sum, while Reimann was certainly legally entitled to deny Prudential an extension of time and bring suit upon expiration of the mandated period for appeal, precedent informs the court that an award of attorney fees is not available under the circumstances. Reimann does not

---

[2]Reimann maintains that *Hooper* applies only to cases which are settled, but the circuit court clearly notes that its analysis applies "[w]hen a cause is settled *or disposed of without full litigation* on the merits." *Hooper*, 37 F.3d at 292 (emphasis added).

show justification for an award under either of the discussed tests. Consequently, the court will grant the motion to dismiss for mootness and deny the motion for attorney fees.

Accordingly,

**IT IS ORDERED** that the defendant's Motion to Dismiss Complaint as Moot (Docket #8) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that the plaintiff's Motion for Attorney Fees (Docket #13) be and the same is hereby **DENIED**.

The clerk of court is ordered to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 19th day of October, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge